This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39490**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JASON R. SANCHEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Lisa B. Riley, District Judge**

Hector H. Balderas, Attorney General
Benjamin L. Lammons, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kimberly Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## DECISION

**ATTREP, Judge.**

**{1}** Defendant Jason Sanchez appeals his convictions for aggravated stalking (violation of an order of protection) (NMSA 1978, § 30-3A-3.1(A)(1) (1997)) and violation of an order of protection (NMSA 1978, § 40-13-6 (2013)). Defendant raises numerous claims of error on appeal, arguing that (1) fundamental error resulted from the misstatement of the essential elements in the aggravated stalking jury instruction; (2) insufficient evidence supports his convictions; (3) multiple evidentiary errors deprived him of a fair trial; and (4) his convictions violate the double jeopardy protection against

multiple punishments for the same offense. The State only addresses Defendant's second claim of error, conceding that it failed at trial to prove the charges against Defendant beyond a reasonable doubt. While we are not required to accept the State's concession, *see State v. Tapia*, 2015-NMCA-048, ¶ 31, 347 P.3d 738, we agree with the parties and reverse Defendant's convictions.

**{2}**     Defendant and the complaining witness, Jocelyn Calderon, were parties to a domestic matter in district court pertaining to the custody of their minor child. Calderon testified that she obtained an order of protection because Defendant repeatedly emailed and texted her about matters not related to their child and contacted her employer. The order of protection prohibited Defendant from, among other things, "telephon[ing], talk[ing] to, visit[ing], or contact[ing Calderon] in any way, *except . . . [a]s allowed in the domestic matter*." (Emphasis added.) The parties agree that Defendant's charges were based, in relevant part, on communications Defendant directed to Calderon on November 27, 2017. On that day, Defendant called Calderon's phone twice for unknown reasons. He also texted Calderon four times: twice about changing the designated time to call the child; once about the child's new haircut; and once to inform her that he had withdrawn motions in the domestic matter.

**{3}**     Defendant argues, and the State concedes, that "the State bore the burden of proof that the communications were *not* authorized by the [domestic matter]" and that, in the absence of a comprehensive understanding of what was authorized in that case and the purpose of Defendant's calls, the State failed to prove Defendant knowingly violated the order of protection. *See* UJI 14-334 NMRA (providing that, to find the defendant guilty of violation of an order of protection, the state must prove the defendant "knowingly violated the . . . order of protection"); UJI 14-333 NMRA (providing that, to find the defendant guilty of aggravated stalking, the state must prove, as relevant here, the defendant "knowingly violated a[n] . . . order of protection").[1] We agree.

**{4}**     As noted, the order of protection did not prohibit Defendant from contacting Calderon if allowed in the domestic matter. The only exhibit admitted into evidence at trial that related to the domestic matter was State's Exhibit 1—an order modifying the times for visitation exchanges and calls between Defendant and the child. As Defendant observes, however, this order "had no bearing on communications between the parents." And there apparently were other court orders in the domestic matter, including a parenting plan, which governed communications between Defendant and Calderon, that were not introduced into evidence at trial. For example, Calderon testified that aspects of the parenting plan were not affected by State's Exhibit 1 and that it was permissible under the parenting plan for the parents to request changes with respect to

---

[1]Defendant "knowingly violat[ing] a[n] . . . order of protection" was the aggravating element in Defendant's aggravated stalking conviction. *See* UJI 14-333(2). As the State observes, because the prosecution did not seek a stepdown instruction to stalking at trial, the absence of proof on the aggravating element mandates reversal of Defendant's aggravated stalking conviction without the possibility of remand for entry of a judgment of conviction for the lesser offense of stalking. *See State v. Villa*, 2004-NMSC-031, ¶¶ 8, 14, 136 N.M. 367, 98 P.3d 1017 (holding that, following reversal of a conviction due to insufficient evidence, an appellate court may not remand for entry of judgment of conviction and resentencing for a lesser included offense on which the jury was not instructed).

the child. Based on this testimony, at least two of Defendant's text messages (those about changing the time for Defendant to call the child) appear to be explicitly permitted in the domestic matter and therefore not a violation of the order of protection. As for Defendant's other text messages and unanswered phone calls, in the absence of evidence concerning the nature of the phone calls and what communications were allowed in the domestic matter, we agree with the State that, to convict Defendant, the jury would have had to impermissibly resort to speculation and conjecture. *See State v. Slade*, 2014-NMCA-088, ¶ 14, 331 P.3d 930 (providing that if an inference from the facts "must be buttressed by surmise and conjecture in order to convict, the conviction cannot stand" (internal quotation marks and citation omitted)).

**{5}** In short, having reviewed the record and the briefing, and given the State's concession, we conclude Defendant's convictions are not supported by sufficient evidence. We, therefore, reverse the convictions and remand to the district court for proceedings consistent with this decision.

**{6}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**KRISTINA BOGARDUS, Judge**